RICARDO DAVID COARD and NEIL WILLIE
ENGLISH v. STATE OF MARYLAND

[No. 78, September Term, 1979.]

* * *

SUPERINTENDENT, CLIFTON T. PERKINS HOSPITAL
CENTER et al. v. RANDALL WILLIAMS,
TYRONE JOLLEY, LEVON MOORE and
ARTHUR HUBBARD

[No. 95, September Term, 1979.]

*Decided September 11, 1980.*

The causes were argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

In No. 78, *George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants.

In No. 78, *Judith K. Sykes, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Randall M. Lutz, Assistant Attorney General,* on the brief, for appellee.

In No. 95, *Judith K. Sykes, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Randall M. Lutz, Assistant Attorney General,* on the brief, for appellants.

In No. 95, *George E. Burns, Jr., Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Nancy L. Cook, Assistant Public Defender,* on the brief, for appellees.

PER CURIAM:

We granted certiorari in these cases to determine the proper standard of proof to be applied in commitment proceedings involving persons found not guilty by reason of insanity at the time of the commission of a crime. When the cases were tried, the statutory standard of proof in commitment proceedings was a preponderance of the evidence. *See Williams v. Superintendent,* 43 Md. App. 588, 593, 406 A.2d 1302, 1305-06. The lower courts found that the committees in these cases had been properly committed under the preponderance standard. In No. 95, the Court of Special Appeals reversed the trial court, holding that the proper standard to be applied was proof by clear and convincing evidence. *Id.* at 588. In No. 78, the Court of Special

Appeals affirmed the judgment of the trial court. *Coard v. State,* 43 Md. App. 146, 152, 403 A.2d 826, 830 (1979). These appeals followed.

By Chapter 292 of the Acts of 1980, effective July 1, 1980, the legislature amended Sec. 27B of Art. 59 by adopting the more stringent clear and convincing standard of proof in commitment hearings. Under Sec. 27C of Art. 59 a person committed to a mental institution under Sec. 27B has a periodic right to a determination of whether he has a mental disorder, by reason of which he is a danger to himself or to the person or property of others if not confined in an institution for inpatient care or treatment. *See* Sec. 27B (e).

In view of the enactment of the 1980 law, we deem it appropriate in these cases to invoke the provisions of Maryland Rule 871 and remand the cases for hearings under Sec. 27C, at which the standard of clear and convincing evidence shall be applied.

> *Judgments vacated; cases remanded under Rule 871 for further proceedings pursuant to Article 59, Sec. 27C; costs to be paid by the State.*